THOMAS P. O'BRIEN
United States Attorney
CHRISTINE C. EWELL
Assistant United States Attorney
Chief, Criminal Division
ARIEL A. NEUMAN (Cal. State Bar No.: 241594)
JUSTIN RHOADES (Cal. State Bar No.: 230463)
JEFF MITCHELL (Cal. State Bar No.: 236225)
Assistant United States Attorneys
Violent & Organized Crime Section
     1500 United States Courthouse
     312 North Spring Street
     Los Angeles, California 90012
     Telephone: (213) 894-2917/3380/0698
     Facsimile: (213) 894-3713
     E-mail: ariel.neuman@usdoj.gov
             justin.rhoades@usdoj.gov
             jeff.mitchell@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CR No. 09-230(A)-SVW |
| Plaintiff, | ) ) ) | <u>PLEA AGREEMENT FOR DEFENDANT DELIA JARAMILLO</u> |
| v. | ) | |
| RAMON NARCISO MORALES MENDOZA, ET AL., | ) ) ) | |
| Defendants. | ) ) | |

1. This constitutes the plea agreement between DELIA JARAMILLO, aka "Lilly" ("defendant") and the United States Attorney's Office for the Central District of California ("the USAO") in the above-captioned case. This agreement is limited to the USAO and cannot bind any other federal, state or local prosecuting, administrative or regulatory authorities.

//
//

PLEA

2. Defendant agrees to plead guilty to count one of the First Superseding Indictment in <u>United States v. Ramon Narciso Mendoza, et al.</u>, CR No. 09-230(A)-SVW.

NATURE OF THE OFFENSE

3. In order for defendant to be guilty of count one, which charges a violation of Title 21, United States Code, Section 846, the following must be true:

    a. Defendant entered into an agreement with at least one other person to commit the crime of distribution of heroin; and

    b. Defendant became a member of the conspiracy knowing of at least one of its objects and intending to help accomplish it.

4. Moreover, in order for defendant to be subject to the statutory maximum and statutory minimum sentence set forth below, the government must prove beyond a reasonable doubt that defendant conspired to distribute at least 100 grams of a mixture or substance containing a detectable amount of heroin, a schedule I narcotic controlled substance. Defendant admits that defendant, in fact, conspired to distribute at least 100 grams of a mixture or substance containing a detectable amount of heroin, as described in count one of the First Superseding Indictment.

PENALTIES

5. The statutory maximum sentence that the Court can impose for this violation of Title 21, United States Code Section 846 is: 40 years imprisonment, a lifetime period of supervised

1 | release, a fine of $2,000,000, and a mandatory special assessment
2 | of $100.
3 |     6.   Absent a determination by the Court that defendant's
4 | case satisfies the criteria set forth in 18 U.S.C. § 3553(f) and
5 | United States Sentencing Guideline § 5C1.2, the statutory
6 | mandatory minimum sentence that the Court must impose for this
7 | violation of Title 21, United States Code, Section 846 is:
8 | 5 years imprisonment, a 4-year term of supervised release, and a
9 | mandatory special assessment of $100.
10 |     7.   Supervised release is a period of time following
11 | imprisonment during which defendant will be subject to various
12 | restrictions and requirements.  Defendant understands that if
13 | defendant violates one or more of the conditions of any
14 | supervised release imposed, defendant may be returned to prison
15 | for all or part of the term of supervised release, which could
16 | result in defendant serving a total term of imprisonment greater
17 | than the statutory maximum stated above.
18 |     8.   Defendant also understands that, by pleading guilty,
19 | defendant may be giving up valuable government benefits and
20 | valuable civic rights, such as the right to vote, the right to
21 | possess a firearm, the right to hold office, and the right to
22 | serve on a jury.
23 |     9.   Under 21 U.S.C. § 862a, defendant will not be eligible
24 | for assistance under state programs funded under the Social
25 | Security Act or Federal Food Stamp Act and will not be eligible
26 | for federal food stamp program benefits; furthermore, any such
27 | benefits or assistance received by defendant's family members
28 | will be reduced to reflect defendant's ineligibility.

10. Defendant further understands that the conviction in this case may subject defendant to various collateral consequences, including but not limited to deportation, revocation of probation, parole, or supervised release in another case, and suspension or revocation of a professional license. Defendant understands that unanticipated collateral consequences will not serve as grounds to withdraw defendant's guilty plea.

FACTUAL BASIS

11. Defendant and the USAO agree and stipulate to the statement of facts provided below. This statement of facts is sufficient to support a plea of guilty to the charge described in this agreement and to establish the sentencing guideline factors set forth in paragraph 14 below. It is not meant to be a complete recitation of all facts relevant to the underlying criminal conduct or all facts known to either party that relate to that conduct.

Beginning on a date unknown and continuing through April 9, 2009, defendant knowingly and intentionally conspired to sell more than 100 grams of heroin. Specifically, defendant agreed to receive heroin from individuals associated with the Mendoza family heroin distribution organization, which is based in Mexico, and sell some of the heroin for profit. Defendant would order heroin packaged for distribution from co-defendants Jessica Mendoza and/or Margarito Cuevas, aka "Tio Ronquis," who would deliver the heroin to defendant. Defendant would then sell some of the heroin for profit. On January 8, 2009, defendant told Jessica Mendoza that because defendant had been selling heroin for five years, she deserved to make an additional profit on her

1  sales.  Other examples of defendant's participation in the
2  conspiracy occurred on January 16 and 19, 2009, and February 3
3  and 5, 2009, when defendant used a telephone to arrange to
4  purchase heroin for distribution, and on February 3, 2009, when
5  defendant, together with Margarito Cuevas and co-defendant Judy
6  Jaramillo, possessed approximately 28.1 grams of heroin packaged
7  in multi-colored balloons for individual distribution in the
8  parking lot of a "Food 4 Less" store on Figueroa Avenue, in Los
9  Angeles, California.

10       Throughout her participation in the conspiracy, defendant
11  knew that the substance she possessed and sold was heroin.
12  Defendant further admits she knew that the conspiracy to sell
13  heroin included an agreement to sell more than 100 grams of
14  heroin.

## WAIVER OF CONSTITUTIONAL RIGHTS

16       12.  By pleading guilty, defendant gives up the following
17  rights:

18            a)  The right to persist in a plea of not guilty.
19            b)  The right to a speedy and public trial by jury.
20            c)  The right to the assistance of legal counsel at
21  trial, including the right to have the Court appoint counsel for
22  defendant for the purpose of representation at trial.  (In this
23  regard, defendant understands that, despite her plea of guilty,
24  she retains the right to be represented by counsel -- and, if
25  necessary, to have the court appoint counsel if defendant cannot
26  afford counsel -- at every other stage of the proceeding.)
27            d)  The right to be presumed innocent and to have the
28  burden of proof placed on the government to prove defendant

5

guilty beyond a reasonable doubt.

  e) The right to confront and cross-examine witnesses against defendant.

  f) The right, if defendant wished, to testify on defendant's own behalf and present evidence in opposition to the charges, including the right to call witnesses and to subpoena those witnesses to testify.

  g) The right not to be compelled to testify, and, if defendant chose not to testify or present evidence, to have that choice not be used against defendant.

 By pleading guilty, defendant also gives up any and all rights to pursue any affirmative defenses, Fourth Amendment or Fifth Amendment claims, and other pretrial motions that have been filed or could be filed.

SENTENCING FACTORS

 13. Defendant understands that the Court is required to consider the factors set forth in 18 U.S.C. § 3553(a)(1)-(7), including the kinds of sentence and sentencing range established under the United States Sentencing Guidelines ("U.S.S.G." or "Sentencing Guidelines"), in determining defendant's sentence. Defendant further understands that the Sentencing Guidelines are advisory only, and that after considering the Sentencing Guidelines and the other § 3553(a) factors, the Court may be free to exercise its discretion to impose any reasonable sentence up to the maximum set by statute for the crime of conviction.

 14. Defendant and the USAO agree and stipulate to the following applicable Sentencing Guidelines factors:

  Base Offense Level : <u>26</u> U.S.S.G. § 2D1.1(c)(7)

Defendant and the USAO reserve the right to argue that additional specific offense characteristics, adjustments, and departures under the Sentencing Guidelines are appropriate. Defendant also understands that defendant's base offense level could be increased if defendant is a career offender under U.S.S.G. §§ 4B1.1 and 4B1.2. In the event that defendant's offense level is so altered, the parties are not bound by the base offense level stipulated to above.

15. The parties agree that:

   a) Defendant did not use violence or credible threats of violence or possess a firearm or other dangerous weapon (or induce another participant to do so) in connection with the offense;

   b) The offense did not result in death or serious bodily injury to any person; and

   c) Defendant was not an organizer, leader, manager, or supervisor of others in the offense and was not engaged in a continuing criminal enterprise.

16. There is no agreement as to defendant's criminal history or criminal history category.

17. Defendant and the USAO, pursuant to the factors set forth in 18 U.S.C. § 3553(a)(1), (a)(2), (a)(3), (a)(6), and (a)(7), further reserve the right to argue for a sentence outside the sentencing range established by the Sentencing Guidelines.

18. The stipulations in this agreement do not bind either the United States Probation Office or the Court. Both defendant and the USAO are free to: (a) supplement the facts by supplying relevant information to the United States Probation Office and

the Court, (b) correct any and all factual misstatements relating to the calculation of the sentence, and (c) argue on appeal and collateral review that the Court's Sentencing Guidelines calculations are not error, although each party agrees to maintain its view that the calculations in paragraph 14 are consistent with the facts of this case.

DEFENDANT'S OBLIGATIONS

19. Defendant agrees that she will:

a) Plead guilty as set forth in this agreement.

b) Not knowingly and willfully fail to abide by all sentencing stipulations contained in this agreement.

c) Not knowingly and willfully fail to: (i) appear for all court appearances, (ii) surrender as ordered for service of sentence, (iii) obey all conditions of any bond, and (iv) obey any other ongoing court order in this matter.

d) Not commit any crime; however, offenses which would be excluded for sentencing purposes under U.S.S.G. § 4A1.2(c) are not within the scope of this agreement.

e) Not knowingly and willfully fail to be truthful at all times with Pretrial Services, the U.S. Probation Office, and the Court.

f) Pay the applicable special assessment at or before the time of sentencing unless defendant lacks the ability to pay and submits a completed financial statement (form OBD-500) to the USAO prior to sentencing.

THE USAO'S OBLIGATIONS

20. If defendant complies fully with all defendant's obligations under this agreement, the USAO agrees:

a) To abide by all sentencing stipulations contained in this agreement.

b) At the time of sentencing to move to dismiss the remaining counts of the indictment as against defendant. Defendant agrees, however, that at the time of sentencing the Court may consider the dismissed counts in determining the applicable Sentencing Guidelines range, where the sentence should fall within that range, the propriety and extent of any departure from that range, and the determination of the sentence to be imposed after consideration of the Sentencing Guidelines and all other relevant factors under 18 U.S.C. § 3553(a).

c) At the time of sentencing, provided that defendant demonstrates an acceptance of responsibility for the offense up to and including the time of sentencing, to recommend a two-level reduction in the applicable sentencing guideline offense level, pursuant to U.S.S.G. § 3E1.1, and to recommend and, if necessary, move for an additional one-level reduction if available under that section.

## BREACH OF AGREEMENT

21. If defendant, at any time after the execution of this agreement, knowingly violates or fails to perform any of defendant's agreements or obligations under this agreement ("a breach"), the USAO may declare this agreement breached. If the USAO declares this agreement breached at any time following its execution, and the Court finds such a breach to have occurred, then: (a) if defendant has previously entered a guilty plea, defendant will not be able to withdraw the guilty plea, and (b) the USAO will be relieved of all of its obligations under

this agreement.

22. Following the Court's finding of a knowing and willful breach of this agreement by defendant, should the USAO elect to pursue any charge that was either dismissed or not filed as a result of this agreement, then:

    a) Defendant agrees that any applicable statute of limitations is tolled between the date of defendant's signing of this agreement and the commencement of any such prosecution or action.

    b) Defendant gives up all defenses based on the statute of limitations, any claim of pre-indictment delay, or any speedy trial claim with respect to any such prosecution, except to the extent that such defenses existed as of the date of defendant's signing this agreement.

    c) Defendant agrees that: (i) any statements made by defendant, under oath, at the guilty plea hearing (if such a hearing occurred prior to the breach); (ii) the stipulated factual basis statement in this agreement; and (iii) any evidence derived from such statements, are admissible against defendant in any such prosecution of defendant, and defendant shall assert no claim under the United States Constitution, any statute, Rule 410 of the Federal Rules of Evidence, Rule 11(f) of the Federal Rules of Criminal Procedure, or any other federal rule, that the statements or any evidence derived from any statements should be suppressed or are inadmissible.

## LIMITED MUTUAL WAIVER OF APPEAL

23. Defendant gives up the right to appeal any sentence imposed by the Court, and the manner in which the sentence is

determined, provided that (a) the sentence is within the statutory maximum specified above and is constitutional, and (b) the Court imposes a sentence within or below the range corresponding to a total offense level of 23, and the applicable criminal history category as determined by the Court. Notwithstanding the foregoing, defendant retains any ability defendant has to appeal the conditions of supervised release imposed by the Court, with the exception of the following: conditions set forth in General Orders 318, 01-05, and/or 05-02 of this Court; the drug testing conditions mandated by 18 U.S.C. §§ 3563(a)(5) and 3583(d); and the alcohol and drug use conditions authorized by 18 U.S.C. § 3563(b)(7).

24. The USAO gives up its right to appeal the sentence, provided that (a) the sentence is within the statutory minimum and maximum specified above and is constitutional, and (b) the Court imposes a sentence within or above the range corresponding to a total offense level of 23, and the applicable criminal history category as determined by the Court.

### RESULT OF VACATUR, REVERSAL OR SET-ASIDE

25. Defendant agrees that if any count of conviction is vacated, reversed, or set aside, the USAO may: (a) ask the Court to resentence defendant on any remaining counts of conviction, with both the USAO and defendant being released from any stipulations regarding sentencing contained in this agreement, (b) ask the Court to void the entire plea agreement and vacate defendant's guilty plea on any remaining count of conviction, with both the USAO and defendant being released from all of their obligations under this agreement, or (c) leave defendant's

1  remaining conviction, sentence, and plea agreement intact.
2  Defendant agrees that the choice among these three options rests
3  in the exclusive discretion of the USAO.

### COURT NOT A PARTY

26. The Court is not a party to this agreement and need not accept any of the USAO's sentencing recommendations or the parties' stipulations. Even if the Court ignores any sentencing recommendation, finds facts or reaches conclusions different from any stipulation, and/or imposes any sentence up to the maximum established by statute, defendant cannot, for that reason, withdraw defendant's guilty plea, and defendant will remain bound to fulfill all defendant's obligations under this agreement. No one -- not the prosecutor, defendant's attorney, or the Court -- can make a binding prediction or promise regarding the sentence defendant will receive, except that it will be within the statutory maximum.

### NO ADDITIONAL AGREEMENTS

27. Except as set forth herein, there are no promises, understandings or agreements between the USAO and defendant or defendant's counsel. Nor may any additional agreement, understanding or condition be entered into unless in a writing signed by all parties or on the record in court.

### PLEA AGREEMENT PART OF THE GUILTY PLEA HEARING

28. The parties agree and stipulate that this Agreement will be considered part of the record of defendant's guilty plea hearing as if the entire Agreement had been read into the record of the proceeding.

//

1   This agreement is effective upon signature by defendant and
2   an Assistant United States Attorney.
3   AGREED AND ACCEPTED
4   UNITED STATES ATTORNEY'S OFFICE
    FOR THE CENTRAL DISTRICT OF CALIFORNIA
5
    THOMAS P. O'BRIEN
6   United States Attorney

7   _____          9/2/09
                                               _____
8   ARIEL A. NEUMAN                            Date
    JUSTIN RHOADES
9   JEFF MITCHELL
    Assistant United States Attorneys
10

11   I am fluent in English and have carefully read this
12  agreement.  I have carefully discussed every part of this
13  agreement with my attorney.  I understand the terms of this
14  agreement, and I voluntarily agree to those terms.  My attorney
15  has advised me of my rights, of possible defenses, of the
16  sentencing factors set forth in 18 U.S.C. § 3553(a), of the
17  relevant Sentencing Guidelines provisions, and of the
18  consequences of entering into this agreement.  No promises or
19  inducements have been given to me other than those contained in
20  this agreement.  No one has threatened or forced me in any way to
21  enter into this agreement.  Finally, I am satisfied with the
22  representation of my attorney in this matter.

23  _____          _____
    DELIA JARAMILLO                            Date
24  Defendant

25   I am DELIA JARAMILLO's attorney.  I have carefully discussed
26  every part of this agreement with my client.  Further, I have
27  fully advised my client of her rights, of possible defenses, of
28  the sentencing factors set forth in 18 U.S.C. § 3553(a), of the

1      This agreement is effective upon signature by defendant and
2 an Assistant United States Attorney.
3 AGREED AND ACCEPTED
4 UNITED STATES ATTORNEY'S OFFICE
  FOR THE CENTRAL DISTRICT OF CALIFORNIA
5
  THOMAS P. O'BRIEN
6 United States Attorney

7
  _____          _____
8 ARIEL A. NEUMAN                             Date
  JUSTIN RHOADES
9 JEFF MITCHELL
  Assistant United States Attorneys
10

11     I am fluent in English and have carefully read this
12 agreement. I have carefully discussed every part of this
13 agreement with my attorney. I understand the terms of this
14 agreement, and I voluntarily agree to those terms. My attorney
15 has advised me of my rights, of possible defenses, of the
16 sentencing factors set forth in 18 U.S.C. § 3553(a), of the
17 relevant Sentencing Guidelines provisions, and of the
18 consequences of entering into this agreement. No promises or
19 inducements have been given to me other than those contained in
20 this agreement. No one has threatened or forced me in any way to
21 enter into this agreement. Finally, I am satisfied with the
22 representation of my attorney in this matter.

23 *Killian Jaramillo* (signature)                9-1-2009
   ~~DELIA~~ JARAMILLO                            Date
24 Defendant

25     I am DELIA JARAMILLO's attorney. I have carefully discussed
26 every part of this agreement with my client. Further, I have
27 fully advised my client of her rights, of possible defenses, of
28 the sentencing factors set forth in 18 U.S.C. § 3553(a), of the

                                13

relevant Sentencing Guidelines provisions, and of the consequences of entering into this agreement. To my knowledge, my client's decision to enter into this agreement is an informed and voluntary one.

*Thomas Nishi*             9/1/09
THOMAS NISHI                  Date
Counsel for Defendant
DELIA JARAMILLO